CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBIN K. FARLEY, ) | |
| ) | Civil Action No. 7:11CV00263 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

    Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

    The plaintiff, Robin K. Farley, was born on April 20, 1963, and eventually completed her high school education. Mrs. Farley has worked as a machine operator and assembler in the furniture industry. She last worked on a regular and sustained basis in 2007. On March 21, 2008, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. In filing her applications, Mrs. Farley alleged that she became disabled for all forms of substantial gainful employment on October 25, 2007, due to chronic lower back pain, high blood pressure, high cholesterol, and anxiety. Plaintiff now maintains that she has remained

disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Farley met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Farley's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 18, 2010, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Farley suffers from degenerative disc disease. The Law Judge held that plaintiff's hypertension, high cholesterol, and anxiety did not constitute severe impairments. Based on her back problems, the Law Judge ruled that Mrs. Farley is disabled for her past relevant work activity. However, the Law Judge determined that plaintiff remains capable of performing lighter forms of work. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant is able to lift and carry twenty pounds occasionally and ten pounds frequently. She can stand and/or walk for about six hours in an eight-hour workday, and is capable of sitting for about six hours in an eight-hour work day. Additionally, the claimant should never use ramps, climb stairs, ladders, ropes, or scaffolds.

(TR 364). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Farley retains sufficient functional capacity to perform several specific light and sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(g) and

2

416.920(g). Plaintiff then sought review by the Social Security Administration's Appeals Council. In connection with her request for review, Mrs. Farley submitted a number of new medical reports. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mrs. Farley has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court concludes that there is "good cause" for remand of the case to the Commissioner for further development and consideration. While the court has so concluded, the court nevertheless believes that the Administrative Law Judge gave full and fair consideration to all of the evidence developed as of the time of the Law Judge's opinion. It seems that Mrs. Farley has complained of back problems at least since the time of a work-related injury in July of 2006. She has also complained of symptoms of anxiety and depression. Despite these complaints, and as noted by the Administrative Law Judge and the Commissioner in his Memorandum in Support of a Motion for Summary Judgment, Dr. Richard Wilson, who has served as a treating physician in plaintiff's case, has produced a number of reports in which he opines that

plaintiff's back problems are not disabling in severity, and that Mrs. Farley should be capable of working. Dr. Wilson attributed many of plaintiff's pain complaints to her emotional difficulties. Based on the treating physician's reports, the court believes that there is a substantial body of evidence upon which the Law Judge might reasonably conclude that Mrs. Farley is not disabled for lighter forms of work activity.

The difficulty in this case is that, shortly after the issuance of the Law Judge's opinion, Mrs. Farley required hospitalization on two separate occasions for treatment of her emotional difficulties. Her mental health specialists diagnosed recurrent, severe major depression with psychotic features. Dr. K. G. Reddy, a psychiatrist, noted on June 18, 2010 that Mrs. Farley had been experiencing manifestations of her depression, including suicidal behavior, over a period of four to five years. (TR 188). Clearly, the new psychiatric evidence suggests that Mrs. Farley suffers from much more severe problems than those considered by the Administrative Law Judge.

As previously noted, plaintiff submitted all of the new medical evidence in her case to the Social Security Administration's Appeals Council. While the Appeals Council made the new evidence part of the existing administrative record, the Appeals Council ruled that the new evidence did not pertain to Mrs. Farley's condition as it existed on and before the date of the Administrative Law Judge's opinion. (TR 2). Based on the record now before the court, the court does not believe that this determination is supported by substantial evidence.

While the Administrative Law Judge determined that plaintiff's depression and anxiety were nonsevere impairments based on the record which was available for his consideration, Dr. Wilson, the treating physician on whose opinion the Administrative Law Judge relied, specifically concluded on several occasions that plaintiff's symptomatology is primarily related to emotional dysfunction.

4

See, e.g., TR 626, 631, and 636. Indeed, Dr. Wilson opined that plaintiff was suffering from a "significant psychological overlay." (TR 636). At the time of his examination of Mrs. Farley on March 8, 2010, less than a month after the Administrative Law Judge rendered his decision, Dr. Robert S. Strong reported that plaintiff was seemingly experiencing "significant psychiatric issues." (TR 328). Shortly thereafter, the psychiatrists who treated Mrs. Farley during her periods of hospitalization, and thereafter, indicated that her emotional issues had persisted over a period of several years.

In finding that plaintiff's emotional problems did not constitute severe impairments, the Law Judge noted that "there is no indication in the record that the claimant has received counseling or psychiatric care." (TR 363). After two periods of psychiatric hospitalization occurring within months of the date of the Law Judge's opinion, and given the continuing and ongoing care provided by plaintiff's mental health specialists, the Law Judge's generalization is no longer accurate. Moreover, even the reports considered by the Law Judge reflect observations by family care doctors indicating that plaintiff's complaints were primarily associated with psychiatric or psychological overlay. Assuming that the new medical reports submitted by Mrs. Farley are best characterized as new evidence, the court believes that plaintiff has established "good cause" for remand of her case to the Commissioner for consideration of the evidence on the merits.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed

5

and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, plaintiff submitted the new evidence directly to the Appeals Council. Thus, there is no question as to the nature of the evidence, nor is there any concern as to any failure to submit the evidence when the claim was before the Commissioner. Moreover, it is clear that several of the new reports offer the first assessment of plaintiff's nonexertional impairments by mental health experts. Finally, since several doctors who submitted reports both before and after the Administrative Law Judge's decision believe that plaintiff has suffered from some level of emotional dysfunction for many years, it is at least arguable that the Commissioner's final decision might have been different had the Administrative Law Judge been given the opportunity to consider the psychiatric findings and diagnoses generated during plaintiff's periods of psychiatric hospitalization, and subsequent treatment. Thus, assuming that the new reports in this case are characterized as new medical evidence, and considering the Borders factors, the court believes that plaintiff has established "good cause" for remand of her case to the Commissioner for further and more detailed consideration of that evidence.

The court recognizes that the new submissions by plaintiff might arguably fall in a somewhat different category, inasmuch as the reports were first provided to the Appeals Council, and were actually referenced by the Appeals Council in its determination as to whether to adopt the Law Judge's opinion as the final decision of the Commissioner. The court notes that the United States

6

Court of Appeals for the Fourth Circuit was recently presented with a similar procedural scenario in the case of Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). In that case, the Court made the following comments as to the assessment to be given to evidence submitted to the Appeals Council for its consideration in determining whether to review the opinion of an Administrative Law Judge:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011). In the instant case, no fact finder has undertaken to determine whether the nonexertional problems identified by the mental health specialists only weeks after the Administrative Law Judge's decision were so severe as to affect Mrs. Farley's capacity for work during the period of time adjudicated by the Law Judge. The court finds "good cause" for remand of this case to the Commissioner for such consideration.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of the new evidence submitted during the period between the issuance of the Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner by the Social Security Administration's

Appeals Council. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by the new medical evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present further evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 30th day of March, 2012.

*/s/ Glen Conrad*
Chief United States District Judge